PER CURIAM
*790 Guardian appeals the judgment in which the juvenile court vacated the guardianship and also determined that the jurisdictional basis for the wardship had been ameliorated. Guardian assigns error only to the decision to vacate the guardianship, arguing that the court's findings about her performance as guardian were unsupported by evidence, and that the findings did not satisfy the requirements of ORS 419B.398.
After the juvenile court took jurisdiction over child, he was later placed in guardian's care and a guardianship was created under ORS 419B.366. Recently, mother moved to vacate the guardianship and terminate the wardship. Mother argued that the jurisdictional basis for the wardship had ceased to exist, and that the juvenile court should accordingly dismiss the case. She also argued that, if the court did not agree, it should alternatively vacate the guardianship due to shortcomings that mother identified in guardian's performance. Guardian opposed the motion. The court held a hearing at which mother and guardian presented evidence.
During the hearing, the parties and the court were cognizant of our opinion in Dept. of Human Services v. J.C. , 289 Or. App. 19, 407 P.3d 969 (2017), rev. allowed , 362 Or. 389, 411 P.3d 380 (2018), which concerns the analytical framework for deciding a motion to vacate a guardianship and terminate the wardship. Using that framework, the juvenile court must initially determine whether it continues to have jurisdiction over the child, which in turn determines whether a guardianship can continue. Id. at 23, 407 P.3d 969. "[A] court is required to terminate wardship over a child if 'the bases for the juvenile court's jurisdiction' " have ceased to exist. Id. (quoting Dept. of Human Services v. T.L. , 279 Or. App. 673, 678, 379 P.3d 741 (2016) ). A guardianship established under ORS 419B.366"can continue only if the court continues to have jurisdiction over the child." Id . at 24, 407 P.3d 969.
*477 The juvenile court subsequently entered a judgment in which it cited J.C . and noted that mother "had the burden to show the jurisdictional basis had been ameliorated *791 and she met that burden." It made findings of fact concerning mother and determined that "[t]he underlying jurisdictional basis has been ameliorated." The court also vacated the guardianship
"due to the Guardian's failure to fulfill her duties as guardian. And, because the underlying jurisdictional basis has been ameliorated, the Court intends that this case will be dismissed within 90 days of the date of this Order and Judgment."[1]
When a lower court's ruling rests on multiple grounds, the failure of an appellant to challenge all of the grounds requires affirmance. Roop v. Parker Northwest Paving Co ., 194 Or. App. 219, 236, 94 P.3d 885 (2004) ("[W]here [appellants] fail to challenge the alternative basis of the trial court's ruling, we must affirm it."); National Union Fire Ins. Co. v. Starplex Corp ., 220 Or. App. 560, 579 n. 5, 188 P.3d 332 (2008). Because guardian has not challenged the separate determination that the basis for the juvenile court's jurisdiction has ceased to exist-a determination that requires that the court terminate the wardship and vacate the guardianship-we affirm.
Affirmed.

The court ordered the Department of Human Services to create with mother a short-term transition plan; the juvenile court's register reflects that the case has since been dismissed.